DECISION
{¶ 1} Defendant-appellant, Michael C. Withers, appeals from judgments of the Franklin County Court of Common Pleas finding him guilty, pursuant to defendant's guilty plea, of (1) one count of pandering sexually oriented matter involving a minor and four counts of rape in case No. 03CR-01-31, and (2) one count of pandering obscenity involving a minor in case No. 03CR-05-3368. Because the trial court erred in failing to make the requisite sentencing findings, we reverse in part and remand for resentencing.
 {¶ 2} By two separate indictments, defendant was charged with sexually oriented offenses involving his minor step-children. In case No. 03CR-01-31, defendant was charged with one count of pandering sexually oriented matter involving a minor, a second degree felony in violation of R.C. 2907.322, seven counts of rape, first degree felonies in violation of R.C. 2907.02, including one sexually violent predator specification, and one count of gross sexual imposition, a third degree felony in violation of R.C. 2907.05. In case No. 03CR-05-3368, defendant was charged with 32 counts of pandering obscenity involving a minor, second degree felonies in violation of R.C. 2907.321, and 30 counts of pandering obscenity involving a minor, fourth degree felonies in violation of R.C. 2907.321.
 {¶ 3} On April 8, 2005, after the trial court heard and overruled defendant's two separate motions to suppress, defendant pleaded guilty, pursuant to a plea agreement, to one count of pandering sexually oriented matter involving a minor and to four counts of rape in case No. 03CR-01-31; the remaining charges were dismissed. The court imposed four eight-year prison sentences for each rape count, to be served consecutively to each other and consecutively to a two-year prison sentence for the pandering charge. Defendant also pleaded guilty to one count of pandering obscenity involving a minor in case No. 03CR-05-3368; the remaining charges were dismissed. The court imposed a two-year prison sentence for the pandering charge, to be served concurrently with the sentences imposed in case No. 03CR-01-31, for a total of 34 years imprisonment.
 {¶ 4} Defendant timely appeals, assigning the following errors:
ASSIGNMENT OF ERROR NO. 1
THE TRIAL COURT ERRED IN FINDING SUFFICIENT PROBABLE CAUSE FOR THE ARREST OF DEFENDANT. BECAUSE THERE WAS INSUFFICIENT PROBABLE CAUSE, THE ARREST WAS UNLAWFUL AND ANY STATEMENTS OBTAINED FROM THE DEFENDANT SHOULD HAVE BEEN SUPRESSED AS A VIOLATION OF HISFOURTH AND FIFTH AMENDMENT RIGHTS.
ASSIGNMENT OF ERROR NO. 2
THE TRIAL COURT ERRED IN FINDING UNITED STATES V. LEON'S GOOD FAITH EXCEPTION TO THE EXCLUSIONARY RULE APPLIED UNDER THESE CIRCUMSTANCES THEREBY DENYING APPELLANT HIS RIGHTS AS GUARANTEED BY THE FOURTH, FIFTH, SIXTH AND EIGHTH AMENDMENTS.
ASSIGNMENT OF ERROR NO. 3
APPELLANT WAS DENIED DUE PROCESS AND THE TRIAL COURT COMMITTED REVERSABLE ERROR WHEN IT FAILED TO GIVE THE MINIMUM SENTENCE TO A FIRST TIME OFFENDER IN CONTRADICTION TO R.C. § 2929.14(B).
ASSIGNMENT OF ERROR NO. 4
APPELLANT WAS DENIED DUE PROCESS AND THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT SENTENCED APPELLANT TO CONSECUTIVE SENTENCES WITHOUT MAKING THE STATUTORILY REQUIRED FINDINGS TO SUPPORT THE SENTENCE.
ASSIGNMENT OF ERROR NO. 5
A TRIAL COURT MAY NOT SENTENCE A DEFENDANT TO NON-MINIMUM SENTENCE AND CONSECUTIVE SENTENCES BASED ON FACTS NOT FOUND BY THE JURY OR ADMITTED BY DEFENDANT. SUCH SENTENCE VIOLATES APPELLANT'S CONSTITUTIONAL RIGHTS AS GUARANTEED BY THE FIFTH,SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, § 10 AND 16 OF THE OHIO CONSTITUTION.
 {¶ 5} Defendant's first and second assignments of error are interrelated and will be discussed together. In them, defendant contends the trial court erred in denying his motions to suppress. Defendant claims the evidence obtained from the search following defendant's arrest should be suppressed under theFourth Amendment to the United States Constitution because defendant was arrested without probable cause and defendant's arrest warrant was defective on its face.
 {¶ 6} We need not consider the merits of defendant's argument because by entering a guilty plea defendant waived the right to contest the adverse rulings on his motions to suppress. A guilty plea waives any errors that may have occurred prior to sentencing, including those relating to the suppression of evidence. State v. De La Paz, Franklin App. No. 03AP-1147,2004-Ohio-5433, at ¶ 7, citing Huber Hts. v. Duty (1985),27 Ohio App.3d 244. Accordingly, defendant's first and second assignments of error are overruled.
 {¶ 7} Defendant's third and fourth assignments of error assert the trial court erred in failing to make the required statutory findings on the record to support the imposition of non-minimum and consecutive sentences. The state properly concedes error.
 {¶ 8} R.C. 2929.14(B) provides that when a trial court imposes a prison term on a felony offender, the court shall impose the shortest prison term authorized for the offense unless one of the following applies: "(1) [t]he offender was serving a prison term at the time of the offense, or the offender previously had served a prison term" or "(2) [t]he court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." Unless a court imposes the shortest term authorized for a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found either or both of the two statutorily sanctioned reasons contained in R.C.2929.14(B)(2) for exceeding the minimum term warrants the longer sentence. State v. Edmonson (1999), 86 Ohio St.3d 324, 326. R.C. 2929.14(B) does not require the trial court to give its reasons for its finding; instead, the court must note that it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons. Id.
 {¶ 9} Here, the trial court imposed more than the minimum sentence on each of the four rape charges. Defendant was sentenced to eight years on each rape offense; the shortest prison term authorized for each offense was three years. See R.C.2929.14(A)(1) (authorizing a prison term of three, four, five, six, seven, eight, nine, or ten years for first-degree felonies). Defendant had not previously served a prison term, and the trial court thus was required to make the statutory findings on the record to support the sentences imposed. See Edmonson, supra. Because the court did not designate one of the two sanctioned reasons for imposing a non-minimum sentence, the trial court erred, and thus we sustain defendant's third assignment of error.
 {¶ 10} Pursuant to R.C. 2929.14(E)(4), a trial court may require an offender to serve multiple prison terms consecutively, if statutorily justified. Most notably, the trial court may impose consecutive sentences under R.C. 2929.14(E)(4) if it finds that (1) such sentences are "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and (2) one of three criteria set forth in R.C.2929.14(E)(4)(a), (b), or (c) exists. R.C. 2929.19(B)(2)(c) further requires that the trial court state at the sentencing hearing the reasons supporting its findings under R.C.2929.14(E)(4). State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165. Consecutive sentences are "contrary to law" and subject to reversal if the trial court fails to make the statutory findings and reasons. State v. Smith, Franklin App. No. 04AP-859, 2005-Ohio-2560, at ¶ 45, citing R.C. 2953.08(G)(1) and (G)(2)(b).
 {¶ 11} Here, the trial court stated "the harm caused was so great or unusual that a single term does not adequately reflect the seriousness of the conduct [defendant] engaged in"; it further found "consecutive terms are necessary to protect the public in this case." (Tr. 96.) Although the trial court's statement arguably meets the required findings under R.C.2929.14(E)(4)(b), the trial court did not find on the record that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Because the trial court did not make the R.C. 2929.14(E)(4) "proportionality" findings on the record, we sustain defendant's fourth assignment of error.
 {¶ 12} Defendant's fifth assignment of error asserts that the trial court's sentencing defendant to "non-minimum, maximum" and consecutive sentences violated defendant's Sixth Amendment right to trial by jury, in contravention of Blakely v. Washington
(2004), 542 U.S. 296. Because this argument relates to the constitutionality of felony sentencing, and because this case must be remanded for resentencing under the third and fourth assignments of error, defendant's fifth assignment of error is moot. State v. Lee, Franklin App. No. 03AP-436, 2004-Ohio-5540, at ¶ 43.
 {¶ 13} Having overruled defendant's first and second assignments of error, but having sustained his third and fourth assignments of error, rendering moot his fifth assignment of error, we affirm in part and reverse in part the trial court's judgments, and we remand these cases only for resentencing.
Judgments affirmed in part and reversed in part; casesremanded for resentencing.
Petree and French, JJ., concur.