OPINION
{¶ 1} In these consolidated appeals, defendant-appellant, Michael Withers, appeals from two judgments entered by the Franklin County Court of Common Pleas sentencing him to a total prison term of 34 years. For the following reasons, we affirm that judgment in part and reverse in part and remand the matter for resentencing.
 {¶ 2} In case No. 06AP-303, a Franklin County Grand Jury indicted appellant with one count of pandering sexually-oriented matter involving a minor in violation of R.C. 2907.322, seven counts of rape in violation of R.C. 2907.02, and one count of gross sexual imposition in violation of R.C. 2907.05. In case No. 06AP-302, a Franklin County Grand Jury indicted appellant with 62 counts of pandering obscenity involving a minor in violation of R.C. 2907.321. The indictments alleged that appellant engaged in sexually-oriented conduct with his minor step-children. Appellant's wife was charged with similar offenses in both of the indictments.
 {¶ 3} Appellant entered guilty pleas in both cases. In case No. 06AP-303, he pled guilty to one count of pandering obscenity involving a minor and four counts of rape. The trial court dismissed the remaining charges. In case No. 06AP-302, appellant pled guilty to one count of pandering obscenity involving a minor. The trial court dismissed the remaining charges. The trial court accepted appellant's guilty pleas, found him guilty, and sentenced him in case No. 06AP-303 to a two-year prison term for the pandering obscenity conviction and eight-year prison terms for each of the four rape convictions. The trial court ordered the sentences to be served consecutively for a total prison term of 34 years. In case No. 06AP-302, the trial court sentenced appellant to a two-year prison term to be served concurrently with the sentence imposed in case No. 06AP-303.
 {¶ 4} Appellant appealed his sentence to this court. We reversed, finding that the trial court failed to make findings required by former R.C. 2929.14(B) and 2929.14(E)(4) to impose non-minimum and consecutive sentences. State v. Withers, Franklin App. No. 05AP-458, 2006-Ohio-285. Accordingly, we remanded the matters for resentencing.
 {¶ 5} On remand, the trial court made the findings required by former R.C. 2929.14(B) and 929.14(E)(4) to impose non-minimum and consecutive sentences. Appellant's counsel objected to the trial court's imposition of those sentences based on Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531. The trial court overruled appellant's objection and imposed sentence.
 {¶ 6} Appellant appeals and assigns the following error:
 THE TRIAL COURT VIOLATED APPELLANT'S RIGHTS UNDER THE OHIO AND FEDERAL CONSTITUTIONS WHEN IT SENTENCED HIM BASED UPON POST-CONVICTION FACT-FINDINGS MADE BY THE COURT, NOT FOUND BY A JURY.
 {¶ 7} Two weeks after appellant's second sentencing, the Supreme Court of Ohio held that former R.C. 2929.14(B) and 2929.14(E)(4), among other statutes, unconstitutionally required judicial fact-finding in violation of the Sixth Amendment to the United States Constitution and the rule of law articulated in Blakely. State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. As a result, the Court severed those statutes from Ohio's sentencing scheme and thereby granted trial courts the discretion to impose non-minimum and consecutive sentences without judicial fact-finding. Foster, at ¶ 99-100.
 {¶ 8} Because the trial court made the factual findings required by former R.C. 2929.14(B) and 2929.14(E)(4) when it sentenced appellant, it violated Blakely-Foster Appellant objected to the trial court's sentence based on Blakely, and therefore, did not waive this challenge. SeeState v. Draughon, Franklin App. No. 05AP-860, 2006-Ohio-2445, at ¶ 7.
 {¶ 9} The State concedes that the trial court erred by sentencing appellant based on factual findings made pursuant to statutes that were subsequently declared unconstitutional and severed from the statutory scheme by the Foster court. The State contends, however, that pursuant to Washington v. Recuenco (2006), 548 U.S.___, 126 S.Ct. 2546, such error is not a structural error and, therefore, must be evaluated using a harmless error analysis. Under such an analysis, a constitutional error does not require reversal if the error was harmless beyond a reasonable doubt. State v. Conway, 108 Ohio St.3d 214, 2006-Ohio-791, at ¶ 78. The State contends that the trial court's error is harmless beyond a reasonable doubt.
 {¶ 10} This court recently held that Blakely-Foster errors are subject to harmless error analysis. See State v. Peeks, Franklin App. No. 05AP-1370, 2006-Ohio-6256, at ¶ 14. In Peeks, we determined that a trial court's error in sentencing a defendant to consecutive sentences based on factual findings made pursuant to former R.C. 2929.14(E)(4) was harmless beyond a reasonable doubt. Our reasoning was based upon the specific language in R.C. 2929.14(E)(4) which required the trial court to make certain findings before it could impose consecutive sentences. That requirement only benefited defendants because a trial court could not impose consecutive sentences unless it made each and every finding. In other words, the requirement of factual findings only served as an impediment to the imposition of consecutive sentences. "Consequently, the error committed by the trial court when it sentenced appellant to consecutive sentences pursuant to R.C. 2929.14(E)(4) benefited [the defendant] and, therefore, was harmless beyond a reasonable doubt." Id. at ¶ 15.
 {¶ 11} Based on our holding in Peeks, we conclude that the trial court's error in making the factual findings formerly required by R.C. 2929.14(E)(4) in imposing consecutive sentences was harmless beyond a reasonable doubt. Therefore, we overrule that portion of appellant's assignment of error that challenges his consecutive sentences.
 {¶ 12} Applying the same rationale to the language in R.C. 2929.14(B) regarding sentences greater than the minimum, we reach a different conclusion. Before Foster, R.C. 2929.14(B) created a presumption that trial courts would impose the shortest prison term authorized for the offense. The only way a trial court could overcome that presumption and impose a non-minimum sentence is if it made one of the factual findings required by the statute. Foster, at ¶ 60. Therefore, the requirement of factual findings only served to enhance what would otherwise be a minimum sentence. Thus, the Blakely-Foster error committed by the trial court in making those findings was detrimental to the appellant, because absent that error, he would have been sentenced to the shortest prison term authorized by law. Because we cannot say that the error committed by the trial court was harmless beyond a reasonable doubt, we sustain that portion of appellant's assignment of error that challenges his non-minimum sentence.
 {¶ 13} For the foregoing reasons, the judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and the matter is remanded for resentencing.
Judgment affirmed in part and reversed in part; and cause remanded forresentencing.
BRYANT and TRAVIS, JJ., concur.