OPINION
{¶ 1} Defendant-appellant, Rebecca S. McCoy, appeals from a judgment of conviction entered by the Franklin County Court of Common Pleas. For the following reasons, we affirm.
 {¶ 2} On December 28, 2006, a Franklin County grand jury indicted appellant on four counts of theft in violation of R.C. 2913.02. Appellant eventually entered a guilty plea *Page 2 
to three of those counts. The fourth count was dismissed by the trial court. The trial court accepted appellant's guilty plea, found her guilty, and sentenced her to consecutive 12-month prison terms for each count, for a total prison term of three years.
{¶ 3} Appellant appeals and assigns the following error:
 The trial court erred in imposing maximum consecutive sentences.
 {¶ 4} Appellant did not raise any objections to her sentencing and, therefore, has waived all but plain error. State v. Hairston, Franklin App. No. 06AP-420, 2007-Ohio-143, at ¶ 34. In her assignment of error, appellant contends that the Supreme Court of Ohio's severance remedy inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, as applied to her case, violates due process and ex post facto principles. She claims that the Foster severance remedy deprived her of the statutory presumption in favor of minimum, concurrent sentences that existed at the time of her offenses. We disagree.
 {¶ 5} Appellant committed her crimes in July 2006, entered her guilty plea in September 2007, and was sentenced in October 2007, all after theFoster decision was rendered in February 2006. Thus, the Foster remedy was not applied retroactively to appellant's case. State v.Hawkins, Jefferson App. No. 07 JE 14, 2008-Ohio-1529, at ¶ 21; State v.Kindle, Hancock App. No. 5-07-11, 2007-Ohio-6422, at ¶ 11.
 {¶ 6} Even if the Foster severance remedy had been applied retoractively, this court has consistently rejected appellant's due process and ex post facto arguments. State v. Jordan, Franklin App. No. 07AP-52, 2007-Ohio-5097, at ¶ 5. Moreover, to the extent appellant takes issue with the Foster court's choice of the severance remedy, this court is bound to follow a decision of the Supreme Court of Ohio and we cannot overrule that court's decision or declare it unconstitutional. State v.Ragland, Franklin *Page 3 
App. No. 04AP-829, 2007-Ohio-836, at ¶ 8. Therefore, we overrule appellant's single assignment of error.
 {¶ 7} Having overruled appellant's assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 BRYANT and FRENCH, JJ., concur. *Page 1