DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant Ricky A. Pearce appeals a judgment of the Ottawa County Court of Common Pleas, filed on July 27, 2007, sentencing him to a term of imprisonment of 12 months for the offense of vandalism, a violation of R.C. 2909.05(B)(1)(a), a felony of the fifth degree. Under R.C. 2929.14(A)(5), 12 months is the maximum term of imprisonment that could be imposed for the offense. *Page 2 
 {¶ 2} Appellant makes two assignments of error in this appeal:
 {¶ 3} "I. The trial court's decision to impose a maximum sentence was an abuse of discretion. (R. 22, 32).
 {¶ 4} "II. Defendant-Appellant was denied effective assistance of counsel in violation of the Sixth and Fourteen [sic] Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution."
 {¶ 5} Appellant pled guilty to the offense of vandalism, a violation of R.C. 2909.05(B)(1)(a) on May 24, 2007, in the Ottawa County Court of Common Pleas. The trial court conducted a sentencing hearing on July 24, 2007, with respect to the conviction. The court considered a presentence report in imposing sentence. Appellant had an opportunity to review the report with counsel prior to sentencing. The trial court imposed a 12 month term of imprisonment for the offense in a judgment filed on July 27, 2007.
 {¶ 6} At the time of the offense appellant was 51 years of age. The conviction involved intentional damage to a vehicle owned by the son of appellant's girlfriend. Both resided with appellant. Damage to the vehicle met or exceeded $500. The presentence report disclosed that appellant was highly intoxicated at the time of the offense and has had a continuing problem with alcohol for many years.
 {¶ 7} At the sentencing hearing, the trial court discussed the fact that appellant had been convicted ten times for driving under the influence of alcohol or some variation of that offense. Although appellant underwent substance abuse treatment in 1975, six *Page 3 
weeks of in-patient treatment at Firelands Community Hospital in 1992, and was receiving treatment at Bayshore Counseling at the time of sentencing, the pattern of continuing alcohol abuse was evident in the record. The trial court referred to the fact that while awaiting sentence, appellant fell on May 21, 2007, highly intoxicated (with a tested blood alcohol level of .223), and required emergency care.
 {¶ 8} The trial court also detailed at the sentencing hearing appellant's extensive list of prior criminal convictions, including convictions for burglary, theft, breaking and entering, insurance fraud and theft by deception, criminal damaging, carrying a concealed weapon, having a weapon under disability, and attempted misuse of a credit card.
 {¶ 9} The trial court specifically referred to R.C. 2929.11 and the purposes of felony sentencing as well as the R.C. 2929.12 statutory factors at the sentencing hearing. The court considered the relationship of appellant with the victim as a seriousness factor under R.C. 2929.12(B)(6). The trial court considered appellant's extensive criminal record and record of traffic convictions related to abuse of alcohol in evaluating the risk of recidivism. Comments from the trial court put the risk in context: "You have always shown genuine remorse for what you do, but you don't have sufficient control over your faculties to stop it." The trial court also concluded that appellant had not responded favorably to prior criminal sanctions.
 {¶ 10} Appellant contends that the trial court could have weighed matters differently and imposed a lesser sentence. However, "an appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is *Page 4 
not supported by the record or is `otherwise contrary to law.' R.C. 2953.08(G)(2). State v. Rhodes, 12th Dist. No. CA2005-10-426,2006-Ohio-2401, ¶ 4; State v. Vickroy, 4th Dist. No. 06CA4,2006-Ohio-5461, ¶ 15; State v. White, 11th Dist. No. 2005-A-0086,2006-Ohio-5370." State v. Johnson, 6th Dist. No. OT-07-007,2007-Ohio-6000, ¶ 11; State v. Jenkins, 6th Dist. No. L-07-1094,2008-Ohio-2097, ¶ 8. The Supreme Court of Ohio defined clear and convincing evidence in Cross v. Ledford (1954), 161 Ohio St. 469:
 {¶ 11} "Clear and convincing evidence is that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Id., paragraph three of syllabus.
 {¶ 12} After the Ohio Supreme Court's 2006 decision of State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id., at paragraph seven of the syllabus. After Foster, sentencing courts are to continue to consider "the statutory considerations" and "factors" in the "general guidance statutes" — R.C. 2929.11 and 2929.12 in imposing sentences, as these statutes do not include a "mandate for judicial fact finding." Foster, 136-42. *Page 5 
 {¶ 13} No specific language must be used to show consideration of the statutory factors. State v. Arnett (2000), 88 Ohio St.3d 208, 215. Discussion of the seriousness of the offense and likelihood of recidivism at the sentencing hearing serves as an indication that a trial court considered the factors outlined in the general guidance statutes. State v. Swartz, 6th Dist. No. L-06-1401, 2007-Ohio-5304, ¶ 10;State v. Teel, 6th Dist. No. S-06-045, 2007-Ohio-3570, ¶ 12.
 {¶ 14} We conclude that the trial court acted within its discretion in imposing the maximum sentence of 12 months for appellant's conviction for the vandalism offense. The trial court reviewed the necessary statutory considerations and factors under R.C. 2929.11 and 2929.12 in determining sentence. The sentence imposed is not contrary to law but is within the statutory range of sentences for the offense. Not only has appellant failed to establish by clear and convincing evidence that support for the sentence in the record is lacking, in our view the record amply supports the sentence imposed. Assignment of Error No. I is not well-taken.
 {¶ 15} Under Assignment of Error No. II, appellant contends that he was denied effective assistance of counsel. He claims that his trial counsel should have filed an affidavit of prejudice to disqualify the trial court judge due to the judge's bias against him.
 {¶ 16} To establish ineffective assistance of counsel, a criminal defendant must prove two elements: "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not *Page 6 
functioning as the `counsel' guaranteed the defendant by theSixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." Strickland v. Washington (1984),466 U.S. 668, 687. Prejudice under Strickland v. Washington requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., 466 U.S. at 694.
 {¶ 17} Additionally, in considering a claim of ineffective assistance of counsel, a court must be "highly deferential" to trial counsel and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id., 466 U.S. at 689. A properly licensed attorney in Ohio is presumed to execute his duties in an ethical and competent manner. State v. Hamblin (1988),37 Ohio St.3d 153, 155-56, sentence reversed on other grounds, Hamblin v.Mitchell (C.A.6, 2003), 354 F.2d 482.
 {¶ 18} After a review of the record and allowing for proper deference to trial counsel, we conclude that evidence is lacking to support a claim that trial counsel was deficient in failing to seek disqualification of the trial court judge on the basis of prejudice or bias. There is ample evidence in the record supporting the sentence imposed upon appellant for the offense. There is no evidence in the record to conclude that the trial court acted out of any personal bias or prejudice to appellant. Assignment of Error No. II is not well-taken.
 {¶ 19} On consideration whereof, the court finds that substantial justice has been done the party complaining. The judgment of the Ottawa County Court of Common *Page 7 
Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Arlene Singer, J., CONCUR. *Page 1