OPINION
{¶ 1} Michael Withers, defendant-appellant, appeals judgments of the Franklin County Court of Common Pleas, in which the court resentenced appellant to a term of imprisonment upon remand.
 {¶ 2} In two separate cases, appellant pled guilty to two counts of pandering obscenity involving a minor and four counts of rape. The charges arose from appellant's sexual activities with his minor stepchildren. Appellant was sentenced in one case to a *Page 2 
two-year prison term for one count of pandering obscenity involving a minor and eight-year prison terms for each of the four rape convictions. The trial court ordered the sentences to be served consecutively for a total prison term of 34 years. In the other case, the trial court sentenced appellant to a two-year prison term on one count of pandering obscenity involving a minor to be served concurrently with the sentences imposed in the other case.
 {¶ 3} Appellant appealed his sentences to this court, and we reversed, finding that the trial court failed to make findings required by former R.C. 2929.14(B) and (E)(4) to impose non-minimum and consecutive sentences. See State v. Withers, Franklin App. No. 05AP-458,2006-Ohio-285 ("Withers I"). We remanded the matters for resentencing. On remand, the trial court made the findings required by former R.C. 2929.14(B) and (E)(4) to impose non-minimum and consecutive sentences.
 {¶ 4} Appellant appealed his consecutive and non-minimum sentences to this court. In State v. Withers, Franklin App. No. 06AP-302,2006-Ohio-6989 ("Withers II"), we affirmed appellant's sentences in part and reversed his sentences in part, based upon Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, and State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. We concluded that the trial court erred by imposing the consecutive and non-minimum sentences, based upon the recent holding in Foster. However, we found the trial court committed harmless error when it imposed consecutive sentences, while we found it was not harmless error to impose a non-minimum sentence. Therefore, we remanded the matter for resentencing with regard to the non-minimum sentencing portion of the judgment. Upon remand, the trial court imposed the same *Page 3 
sentence. Appellant appeals the judgment of the trial court, asserting the following assignments of error through counsel:
 [I.] The trial court erred by imposing nonminimum sentences in contradiction to this Court's prior holding.
 [II.] The trial court did not have the authority to impose consecutive sentences.
 [III.] The trial court erred by imposing non-minimum and consecutive sentences in violation of the Due Process Clause of the Fifth Amendment and the Sixth Amendment of the United States Constitution; Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; Blakely v. Washington (2004), 542 U.S. 296; United States v. Booker (2005), 543 U.S. 220; Cunningham v. California (2007), ___ U.S. ___, 127. S.Ct. 856.
 [IV.] The trial court erred by imposing non-minimum and consecutive sentences in violation of the Due Process and Ex Post Facto Clauses of the United States Constitution. Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; Blakely v. Washington
(2004), 542 U.S. 296; United States v. Booker (2005), 543 U.S. 220.
Appellant asserts the following supplemental assignments of error pro se (for ease of reference, we have renumbered these assignments of error in the following manner):
 [V.] The trial court failed to follow this court[']s mandate in its December 29[,] 2006 decision.
 [VI.] The Tenth District Appellate Court has created a potential conflict of law with the decisions in State v Withers 2006-Ohio-6989 and State v Peeks 2006-Ohio-6256.
 [VII.] The trial court failed to impose consecutive sentences upon Appellant using a surviving Post-Foster statute.
 [VIII.] Have the trial courts abused the definition of "Full Discretion." *Page 4 
 [IX.] The trial court mis-interpreted the "Law of the Case" doctrine by refusing Appellant the right to challenge the errors at the re-sentencing hearing.
 {¶ 5} We will address appellant's assignments of error in groups, as many are related. Appellant argues in his first, fifth, and eighth assignments of error that, pursuant to Foster, the trial court was required to sentence appellant to the shortest prison term. The Ohio Supreme Court held in Foster that several of Ohio's sentencing statutes were unconstitutional to the extent they required judicial fact-finding before imposition of maximum, consecutive or greater than minimum sentences. The remedy the Ohio Supreme Court applied was severance of the offending provisions from the statutes. Foster, paragraphs one, two, three, four, five, and six of the syllabus. Appellant herein contends that, after the prohibited Foster findings were removed from the sentencing statute addressing minimum sentences, R.C. 2929.14(B), the trial court was left only with the presumption of a minimum sentence; thus, the court was required to sentence appellant to the shortest prison term.
 {¶ 6} In support of his contention, appellant herein cites our decision in Withers II and State v. Jeffers, Franklin App. No. 06AP-358,2007-Ohio-3213, for the proposition that a court can no longer impose non-minimum sentences, because, in order for the court to impose non-minimum sentences, it must make unconstitutional and harmful findings, citing the following from Jeffers, at ¶ 47;
 However, in State v. Withers, Franklin App. No. 06AP-302, 2006-Ohio-6989, we applied the same rationale in [State v.] Peeks [Franklin App. No. 05AP-1370, 2006-Ohio-6256] to the language in R.C. 2929.14(B) regarding sentences greater than the minimum and concluded that the error committed by the trial court was not harmless beyond a reasonable doubt. Foster, at ¶ 12. We found that, before Foster, R.C. 2929.14(B) *Page 5 
created a presumption that trial courts would impose the shortest prison term authorized for the offense, and the only way a trial court could overcome that presumption and impose a non-minimum sentence is if it made one of the factual findings required by the statute. Id., citing Foster, at ¶ 60. Thus, we reasoned, the requirement of factual findings only served to enhance what would otherwise be a minimum sentence, and the trial court's error in making those findings was detrimental to the defendant, because, absent that error, he would have been sentenced to the shortest prison term authorized by law. Id. Therefore, applying our prior precedent in Withers to the present case, we cannot say that the error committed by the trial court was harmless beyond a reasonable doubt. Consequently, we sustain that portion of appellant's assignment of error that challenges his non-minimum sentence. * * *
 {¶ 7} However, appellant misconstrues Withers II, Jeffers, andFoster. The Ohio Supreme Court in Foster explicitly held that courts may still sentence a defendant to non-minimum sentences:
 Trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to making findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences.
(Emphasis added.) Foster, paragraph seven of the syllabus.
 {¶ 8} Furthermore, the Ohio Supreme Court has commented on whether a court, post-Foster, may impose a more-than-minimum sentence. InState v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, at ¶ 25, the court held:
 * * * Indeed, Foster represents a Pyrrhic victory for Payne and other defendants affected by its holding. Although defendants were successful in arguing the unconstitutionality of the sections of the statutes that required judicial findings for the imposition of higher than minimum sanctions, we did not adopt their proposed remedy of mandatory minimum sentences. Since Foster, trial courts no longer must navigate a series of criteria that dictate the sentence and ignore judicial discretion. *Page 6 
See, also, State v. Long, Belmont App. No. 07 BE 27, 2008-Ohio-1531, at ¶ 16, citing Payne (the trial court was not required to impose the minimum sentence pursuant to Foster; it had the authority to impose more than the minimum sentence); State v. Hall, Adams App. No. 07CA837,2007-Ohio-6091, at ¶ 13, citing Payne (nothing in Foster suggests that the Ohio Supreme Court eliminated non-minimum sentencing; to the contrary, the court explicitly stated that trial courts now have full discretion to impose a prison sentence within the statutory range). Therefore, we find the trial court was not required to sentence appellant to the minimum sentence.
 {¶ 9} We also note that appellant argues in his eighth assignment of error that the court in Foster failed to define "full discretion," and this term gives courts unbridled authority to sentence a defendant in any manner they choose without regard to justification. However, as quoted above, the court in Foster indicated trial courts retain "full discretion" to impose a prison sentence only insofar as the sentence is within the statutory range. Furthermore, after Foster, sentencing courts are to continue to consider "the statutory considerations" and "factors" in the "general guidance statutes" — R.C. 2929.11 and 2929.12 — in imposing sentences, as these statutes do not include a "mandate for judicial fact finding." State v. Pearce, Ottawa App. No. OT-07-040,2008-Ohio-2728, at ¶ 12, citing Foster, at ¶ 36-42. The sentence must also be supported in the record and comply with the law in order to be upheld on appeal. State v. Goins, Cuyahoga App. No. 89232,2007-Ohio-6310, at ¶ 14. For these reasons, appellant's first, fifth, and eighth assignments of error are overruled. *Page 7 
 {¶ 10} Appellant argues in his second, sixth, and seventh assignments of error that the trial court erred when it imposed consecutive sentences. However, we find appellant's sentence as it relates to consecutive sentencing is res judicata, as appellant already appealed the issue of consecutive sentences, and this court rendered a decision on such in Withers II. In Withers II, at ¶ 11, we held:
 Based on our holding in Peeks, we conclude that the trial court's error in making the factual findings formerly required by R.C. 2929.14(E)(4) in imposing consecutive sentences was harmless beyond a reasonable doubt. Therefore, we overrule that portion of appellant's assignment of error that challenges his consecutive sentences.
Accordingly, in Withers II, we affirmed the part of the trial court's judgment with regard to consecutive sentences. Therefore, appellant cannot re-litigate the issue of consecutive sentences in the present appeal. At the most recent resentencing hearing, the trial court also made it clear that it was not permitted to address the consecutive aspect of the sentence based upon this court's determination inWithers II. For these reasons, appellant's second, sixth, and seventh assignments of error are overruled.
 {¶ 11} Appellant argues in his third and fourth assignment of error that the trial court erred by imposing non-minimum and consecutive sentences in violation of the Due Process Clause of the Fifth andSixth Amendments of the United States Constitution; the Ex Post Facto Clauses of the United States Constitution; the Fifth, Sixth, andFourteenth Amendments of the United States Constitution; Blakely; United States v.Booker (2005), 543 U.S. 220, 125 S.Ct. 738; and Cunningham v.California (2007), 549 U.S. 270, 127 S.Ct. 856. Initially, we reiterate that, with regard to appellant's consecutive sentences, we *Page 8 
already addressed consecutive sentences and affirmed that part of the trial court's prior judgment. See Withers II, supra.
 {¶ 12} Notwithstanding, all of appellant's arguments must be rejected for other reasons. Appellant first contends that the severance remedy inFoster does not comply with Blakely. However, appellant failed to raise this issue in Withers II, despite that Foster had already been decided. To the contrary, appellant sought to enforce Foster and sought resentencing under Foster. Res judicata precludes a criminal defendant from raising on subsequent appeal from a resentencing order issues that could have been raised in his or her direct appeal. State v. Evans,113 Ohio St.3d 100, 2007-Ohio-861, at ¶ 12, citing State v. Saxon,109 Ohio St.3d 176, 2006-Ohio-1245.
 {¶ 13} Further, although appellant takes issue with theFoster court's choice of the severance remedy, this court has repeatedly rejected this same contention, finding we are bound to follow a decision of the Ohio Supreme Court and we cannot overrule that court's decision or declare it unconstitutional. State v. Harris, Franklin App. No. 07AP-137, 2008-Ohio-27, at ¶ 19, citing State v. Fout, Franklin App. No. 06AP-664, 2007-Ohio-619; State v. Alexander, Franklin App. No. 06AP-501,2006-Ohio-6375; and State v. Gibson, Franklin App. No. 06AP-509,2006-Ohio-6899. See, also, State v. McCoy, Franklin App. No. 07AP-955,2008-Ohio-2461, at ¶ 6, citing State v. Ragland, Franklin App. No. 04AP-829, 2007-Ohio-836, at ¶ 8.
 {¶ 14} Appellant also contends that the Foster severance remedy was applied retroactively to him, as his offenses occurred prior toFoster. However, this court has consistently rejected these same due process and ex post facto arguments. See McCoy, supra, at ¶ 6, citingState v. Jordan, Franklin App. No. 07AP-52, 2007-Ohio-5097, at ¶ 5; *Page 9 
 State v. Wade, Franklin App. No. 06AP-644, 2008-Ohio-1797, at ¶ 22, citing State v. Hudson, Franklin App. No. 06AP-335, 2007-Ohio-3227, at ¶ 23. Therefore, appellant's third and fourth assignments of error are overruled.
 {¶ 15} Appellant argues in his ninth assignment of error that the trial court abused its discretion when it did not allow him to challenge his sentences. Appellant contends that at his resentencing hearing, the state invoked the "law of the case" doctrine to bar him from challenging any issues in the trial court. The precise genesis of appellant's complaint is not clear. Appellant does not point to any evidence in the record to support his argument as required under App. R. 16(D). We have reviewed the transcript of the most recent resentencing hearing and are unable to locate any instance as described by appellant. In the absence of any affirmative evidence to the contrary, we must presume the regularity of the proceedings below. Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199. Therefore, appellant's ninth assignment of error is overruled.
 {¶ 16} Accordingly, all of appellant's assignments of error are overruled, and the judgments of the Franklin County Court of Common Pleas are affirmed.
 Judgments affirmed. McGRATH, P.J., and FRENCH, J., concur. *Page 1