[Cite as *State v. Withers*, 2013-Ohio-4201.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 12AP-865 |
| | | (C.P.C. No. 03CR-01-31) |
| v. | : | and |
| | | No. 12AP-868 |
| Michael C. Withers, | : | (C.P.C. No. 03CR-05-3368) |
| Defendant-Appellant. | : | (ACCELERATED CALENDAR) |

---

### D E C I S I O N

Rendered on September 26, 2013

---

*Ron O'Brien*, Prosecuting Attorney, and *Kimberly M. Bond*,
for appellee.

*Michael C. Withers*, pro se.

---

APPEALS from the Franklin County Court of Common Pleas

CONNOR, J.

{¶ 1} Defendant-appellant, Michael C. Withers ("Withers"), appeals from the December 20, 2011 decision and entry of the Franklin County Court of Common Pleas denying his May 20, 2011 motion for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), that the trial court treated as an R.C. 2953.21 petition for post-conviction relief.

## I. FACTS AND PROCEDURAL BACKGROUND

{¶ 2} In 2003, by two separate indictments, Withers was charged with sexually oriented offenses involving his minor step-children. In case No. 03CR-01-31, Withers was charged with one count of pandering sexually oriented matter involving a minor, a second degree felony in violation of R.C. 2907.322, seven counts of rape, first degree felonies in violation of R.C. 2907.02, including one sexually violent predator specification, and one

count of gross sexual imposition, a third degree felony in violation of R.C. 2907.05. In case No. 03CR-05-3368, Withers was charged with 32 counts of pandering obscenity involving a minor, second degree felonies in violation of R.C. 2907.321, and 30 counts of pandering obscenity involving a minor, fourth degree felonies in violation of R.C. 2907.321.

{¶ 3}   On April 8, 2005, after the trial court heard and overruled Withers' two separate motions to suppress, Withers pleaded guilty, pursuant to a plea agreement, to one count of pandering sexually oriented matter involving a minor and to four counts of rape in case No. 03CR-01-31; the remaining charges were dismissed. The court imposed four eight-year prison sentences for each rape count, to be served consecutively to each other and consecutively to a two-year prison sentence for the pandering charge. Withers also pleaded guilty to one count of pandering obscenity involving a minor in case No. 03CR-05-3368; the remaining charges were dismissed. The court imposed a two-year prison sentence for the pandering charge, to be served concurrently with the sentences imposed in case No. 03CR-01-31, for a total of 34 years imprisonment.

{¶ 4}   Withers timely appealed to this court.  In this court's decision rendered January 26, 2006, this court overruled Withers' first and second assignments of error. *State v. Withers*, 10th Dist. No. 05AP-458, 2006-Ohio-285 ("*Withers I*").  This court stated:

> [Withers]' first and second assignments of error are interrelated and will be discussed together. In them, Withers contends the trial court erred in denying his motions to suppress. [Withers] claims the evidence obtained from the search following [Withers'] arrest should be suppressed under the Fourth Amendment to the United States Constitution because [Withers] was arrested without probable cause and [Withers'] arrest warrant was defective on its face.
>
> We need not consider the merits of [Withers'] argument because by entering a guilty plea [Withers] waived the right to contest the adverse rulings on his motions to suppress. A guilty plea waives any errors that may have occurred prior to sentencing, including those relating to the suppression of evidence. *State v. De La Paz*, Franklin App. No. 03AP-1147, 2004-Ohio-5433, at ¶ 7, citing *Huber Hts. v. Duty* (1985), 27

Ohio App.3d 244. Accordingly, [Withers'] first and second assignments of error are overruled.

*Id.* at ¶ 5-6.

{¶ 5}    In *Withers I*, having sustained the third and fourth assignments of error, this court remanded the cases only for resentencing.  *Id.* at ¶ 13.

{¶ 6}    In February 2006, Withers was resentenced by the trial court.  Two weeks later, the Supreme Court of Ohio issued its decision in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856.  On appeal of his February 2006 sentencing, this court, following *Foster*, remanded the case to the trial court for resentencing.  *State v. Withers*, 10th Dist. No. 06AP-302, 2006-Ohio-6989 ("*Withers II*").

{¶ 7}    In December 2007, Withers was again resentenced by the trial court.  On his appeal, this court affirmed the judgment of the trial court.  *State v. Withers*, 10th Dist. No. 08AP-39, 2008-Ohio-3175 ("*Withers III*").

{¶ 8}    On May 2011, Withers moved for a hearing pursuant to *Franks*.  In his motion, Withers endeavored to challenge the investigative officer's affidavit that was submitted in support of the arrest and search warrants that were executed prior to the indictments.  Plaintiff-appellee, State of Ohio ("the State"), opposed Withers' motion.

{¶ 9}    On December 20, 2011, the trial court issued a decision and entry denying Withers' May 22, 2011 motion for a *Franks* hearing.  The trial court treated the motion as an R.C. 2953.21 petition for post-conviction relief.  The trial court found that the petition was untimely filed and that the doctrine of res judicata barred Withers from relitigating matters that had been litigated or could have been litigated in the proceedings leading up to the guilty pleas.

## II.  ASSIGNMENTS OF ERROR

{¶ 10} Withers appeals the trial court's December 20, 2011 decision and entry to this court, bringing two assignments of errors for our review:

> [I.] THE TRIAL COURT ERRED WHEN IT RECAST APPELLANTS "MOTION FOR A FRANKS HEARING" INTO A PETITION FOR "POST CONVICTION RELIEF".
>
> [II.] THE APPELLANT SATISFACTORILY MET ALL OF THE "FRANKS" CRITERIA.  THUS, THE TRIAL COURT ERRED BY NOT GRANTING APPELLANT A HEARING.

## III.  ANALYSIS

{¶ 11}  Regarding the first assignment of error, the syllabus of *State v. Reynolds*, 79 Ohio St.3d 158 (1997), states:

> Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.

{¶ 12}  Clearly, by his May 20, 2011 motion, Withers sought to vacate his sentence on the basis that his constitutional rights had been violated in the issuance of both the arrest and search warrants.  Moreover, his May 2011 motion is a collateral challenge to the validity of his conviction in a criminal case.  R.C. 2953.21(J) provides that a petition for post-conviction relief is the exclusive remedy by which a person may bring a collateral challenge to the validity of his conviction or sentence.

{¶ 13}  Clearly, the trial court did not err in treating Withers' May 2011 motion as a petition for post-conviction relief.

{¶ 14}  Given that the May 20, 2011 motion was properly treated as an R.C. 2953.21 petition for post-conviction relief, Withers had 180 days from the time the transcripts were filed in his direct appeal to file his petition.  R.C. 2953.21(A)(2).  Because the transcripts were filed on June 20, 2005, a timely petition was due by the end of December 2005.  Withers' May 20, 2011 motion was filed well past the statutory deadline.

{¶ 15}  The statutory time bar is jurisdictional.  *State v. Hollingsworth*, 10th Dist. No. 08AP-785, 2009-Ohio-1753, ¶ 5; *State v. West*, 2d Dist. No. 08CA0102, 2009-Ohio-7057, ¶ 7.  Thus, the trial court had no authority to consider the merits of the petition filed after the 180-day deadline unless the petitioner demonstrates that one of the exceptions at R.C. 2953.23(A) applies.  R.C. 2953.23 provides:

> (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted.

{¶ 16} Withers did not assert an exception to the 180-day statutory deadline. Thus, his petition is time-barred. R.C. 2953.21(A)(2) and 2953.23.

{¶ 17} Turning to the second assignment of error, a trial court may also dismiss a petition for post-conviction relief without holding an evidentiary hearing when the claims raised in the petition are barred by the doctrine of res judicata. *State v. Campbell*, 10th Dist. No. 03AP-147, 2003-Ohio-6305, ¶ 16, citing *State v. Szefcyk*, 77 Ohio St.3d 93 (1996), syllabus.

{¶ 18} Under the doctrine of res judicata, a defendant who was represented by counsel is barred from raising an issue in a petition for post-conviction relief if the defendant raised or could have raised the issue at trial or on direct appeal. *Id.*

{¶ 19} For a defendant to avoid dismissal of the petition by operation of res judicata, the evidence supporting the claims in the petition must be competent, relevant and material evidence outside the trial record and it must not be evidence that existed or was available for use at the time of trial. *Campbell* at ¶ 17, citing *State v. Cole*, 2 Ohio St. 3d 112 (1982), syllabus.

{¶ 20} At the April 8, 2004 hearing before the trial court, Detective Brian Sheline was called to testify. Sheline was employed in a unit that investigates sexual abuse cases involving children.

{¶ 21} According to Sheline, one of his co-workers, Detective Lisa McKissick, received a call from an unknown male who wanted to provide some information to the police.

{¶ 22} Sheline and McKissick met the informant at an apartment complex in Columbus, Ohio.  The informant gave them a DVD and stated that there were children involved in pornography.  According to Sheline, the informant stated that he had obtained the DVD from his 16-year-old cousin.  Later, the informant admitted to Sheline that he had been in Withers' house and that he had made the "tape."

{¶ 23} Sheline testified that he watched the DVD multiple times, observing sexual acts involving male and female minor children.  Sheline then contacted Franklin County Children Services and found that Withers had minor children.

{¶ 24} Although Withers had an arrest record, Sheline could not find an arrest photograph of Withers.  Instead, he obtained a photograph of Withers from the Bureau of Motor Vehicles ("BMV").  Sheline then compared Withers' photograph with the individuals appearing in the DVD and determined that Withers was an individual appearing in the DVD.  Later, Sheline went to the clerk's office and obtained arrest warrants.

{¶ 25} In his May 20, 2011 motion for a "*Franks*" hearing, construed by the trial court as a petition for post-conviction relief, Withers challenged Sheline's identification of him as an individual appearing in the DVD and Sheline's affidavit submitted in support of the arrest warrants.

{¶ 26} Clearly, Withers' May 20, 2011 motion seeks to relitigate matters that were litigated in the trial court proceedings leading up the guilty pleas.  Also, Withers seeks to litigate matters that could have been litigated in the trial court proceedings leading up to the guilty pleas.

{¶ 27} Given the above scenario, the trial court properly determined that the doctrine of res judicata bars Withers' May 20, 2011 motion from court consideration. Withers' first and second assignments of error are overruled.

## IV.  DISPOSITION

{¶ 28} Having overruled Withers' two assignments of error, we affirm the judgments of the Franklin County Court of Common Pleas.

*Judgments affirmed.*

SADLER and McCORMAC, JJ., concur.

McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Ohio Constitution, Article IV, Section 3(C).

_____