[Cite as *State v. Johnston*, 2019-Ohio-3127.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No. WD-18-069

    Appellee                                 Trial Court No. 2018CR0088

v.

Eric D. Johnston                                 **DECISION AND JUDGMENT**

    Appellant                                Decided:  August 2, 2019

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

W. Alex Smith, for appellant.

* * * * *

**ZMUDA, J.**

## I.  Introduction

{¶ 1} Appellant, Eric Johnston, appeals the judgment of the Wood County Court of Common Pleas, sentencing him to 60 months in prison, following his guilty plea to one count of gross sexual imposition, a felony of the third degree.  Finding no error, we affirm.

## A. Facts and Procedural Background

{¶ 2} Appellant, Eric Johnston, was accused of having inappropriate sexual contact with his 6-year-old step-granddaughter, D.R., between November 1 and December 31, 2017. On December 28, 2017, D.R. disclosed to her father that she and "Papa," the name she used for appellant, had a secret.[1] D.R.'s father demanded she divulge the details of this secret, and D.R. told her father that appellant had been sexually molesting her for about a month and one-half. Specifically, D.R. indicated that appellant touched her in the vaginal area and that he had her touch his penis. As a result of D.R.'s disclosure, appellant was charged with two counts of gross sexual imposition in Counts 1 and 2 of the indictment, both felonies of the third degree, tampering with evidence in Count 3, a felony of the third degree, rape in Count 4, a felony of the first degree, and attempted rape in Count 5, with a specification that the victim was under ten years of age, a felony of the first degree.

{¶ 3} On March 2, 2018, appellant entered not guilty pleas as to all counts in the indictment. As a result of plea negotiations, appellant withdrew his previous plea, and entered a guilty plea to Count 1, gross sexual imposition, a violation of R.C. 2907.05(A)(4) and (C)(2), a felony of the third degree. Appellant also acknowledged that in pleading guilty, he would be subject to reporting requirements as a Tier II sexual offender. As part of the plea agreement, the state agreed to dismiss the remaining counts

---

[1] The record demonstrates that D.R. and her family were living at the appellant's home during this period due to financial difficulties.

2.

in the indictment.  The trial court accepted appellant's plea, found him guilty, and continued the matter for a presentence investigation and sentencing hearing.

{¶ 4} On July 27, 2018, the sentencing hearing was held.  Defense counsel and appellant spoke in mitigation.  Appellant apologized, explaining how his decisions had hurt his family and "there's not a day goes by that I don't kick myself in the head." Appellant stated, "I'm going on 50 years old, and I got nothing to show for it because of my decisions.  Any wealth or anything is gone because of my stupidity of decisions." Appellant also apologized to his wife "for the destruction that has happened."

{¶ 5} D.R.'s father spoke on her behalf, noting her need for therapy, and the family's ongoing struggle to deal with the tragic impact of this crime on their lives.  "No child should ever go through that.  I take her to counseling.  I can't explain to her why she can't see him.  No family should have to go through this."

{¶ 6} The trial court considered the statements and the record, noting the possible sentence range, and imposed a term of 60 months in prison, the maximum sentence.  It is from this judgment that appellant now appeals.

**B.  Assignment of Error**

{¶ 7} On appeal, appellant raises the following assignment of error:

I.  The trial court abused its discretion when it imposed a maximum sentence contrary to the sentencing factors under R.C. 2929.11 and R.C. 2929.12.

3.

## II. Analysis

{¶ 8} In his sole assignment of error, appellant challenges his prison sentence, arguing that even though the prison term imposed by the trial court was within the prescribed statutory period, the trial court did not properly weigh all relevant factors in concluding the maximum sentence was appropriate.

{¶ 9} A felony sentence is reviewed under R.C. 2953.08(G)(2). *State v. Torres*, 6th Dist. Ottawa No. OT-18-008, 2019-Ohio-434, ¶ 6; *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. Under R.C. 2953.08(G)(2), this court will not modify or vacate a sentence unless we find, by clear and convincing evidence:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant, [or]

> (b) That the sentence is otherwise contrary to law.

{¶ 10} "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 477, 120 N.E.2d 118 (1954). "A sentence is contrary to law if the sentence falls outside the statutory range for the particular degree of offense or the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12." *State v. Gaines*, 8th Dist. Cuyahoga No. 103476,

4.

2016-Ohio-4863, ¶ 8, citing *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10; *State v. Parks*, 6th Dist. Lucas No. L-18-1138, 2019-Ohio-2366, ¶ 16.

{¶ 11} In his brief to this court, appellant concedes that his 60-month sentence falls within the statutory range prescribed for a felony of the third degree under R.C. 2907.05(A)(4) and 2907.05(C)(2).  Nonetheless, appellant argues that the trial court failed to make the proper determination that "show[ing] some level of remorse" constitutes a legitimate reason for not imposing a maximum sentence.  This argument lacks merit.

{¶ 12} Pursuant to R.C. 2929.12(D)(5) and 2929.12(E)(5), the trial court shall consider whether the offender shows genuine remorse, or a lack thereof, as an indication of the likelihood to commit future crimes, as one factor among many considered under R.C. 2929.11 and 2929.12.  Appellant argues he demonstrated sufficient remorse to merit a lighter sentence.  At sentencing, however, appellant appeared more concerned with his own well-being, and the pain he caused himself and his wife, with little remorse expressed for the injury experienced by D.R., herself.

{¶ 13} Appellant also argues that courts should reserve the maximum sentence for the worst offenders, committing the worst form of the crime, a factor no longer applicable under the current version of R.C. 2929.14.  In *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the Ohio Supreme Court found former R.C. 2929.14(B) and (C) unconstitutional as judicial fact-finding.  "Before *Foster,* a judge could impose, pursuant to R.C. 2929.14(C), the maximum sentence only upon offenders who committed

5.

the 'worst forms of the offense and upon offenders who pose the greatest likelihood of committing future crimes.'" *State v. Brown,* 6th Dist. Sandusky No. S-06-009, 2006-Ohio-3985, ¶ 19. The current version of the law does not include this provision, and appellant's argument, therefore, is without merit.

{¶ 14} Finally, despite appellant's 2016 conviction for importuning, a violation of R.C. 2907.07 (B)(1)[2], appellant argues the trial court did not have a sufficient basis to impose the maximum, 60-month sentence, and did not sufficiently articulate the basis for that sentence. However, it is well-settled law that "[a] sentencing court is not required to use specific language or make specific findings to demonstrate that it considered the applicable sentencing criteria under R.C. 2929.11 and 2929.12." *State v. Green*, 6th Dist. Lucas No. L-18-1065, 2019-Ohio-1816, ¶ 10. Moreover, "a court that imposes a sentence * * * upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing[.]" R.C. 2929.12(A).

{¶ 15} Indeed, notwithstanding this standard, in sentencing this defendant, the trial court articulated—with great clarity—the rationale for the sentence imposed. Specifically, the trial court noted the following:

---

[2] "No person shall solicit another, not the spouse of the offender, to engage in sexual conduct with the offender, when the offender is eighteen years of age or older and four or more years older than the other person, and the other person is thirteen years of age or older but less than sixteen years of age, whether or not the offender knows the age of the other person."

6.

As it relates to sentencing, the Court has a requirement under 2929.11 that the overriding purpose is to punish the offender and protect the public from future crime by the offender using the minimum sanctions the Court determines accomplishes those purposes without imposing an unnecessary burden on state or local government resources. In doing so, the Court is always to consider the need for incapacitation, deterrence, rehabilitation, and restitution. A sentence should be commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim and consistent with sentences for similar crimes for similar offenders.

In this particular case, as I already stated, there is potential of a minimum of twelve to sixteen months in prison. Because of the type of offense and the victim being six years old, there's no question that a prison sentence should be imposed in this particular matter. Defendant has indicated remorse but maybe has not accepted all of the facts that happened.

So we look at the past record of the defendant to see the possibility of rehabilitation. You've indicated your age. So I go back. In 2000, when you were 30, you were convicted of aggravated robbery. You indicated that you had been drinking and went up to a person and told the person to give you all their money. Once again drinking was a part of it. While you

were on post release control you had your parole revoked and you returned to prison.

When you were 35, you had unauthorized use of property. Also at 35 an OVI. Again, another OVI at 35. Then a domestic violence in '07 when you were 37 years old, once again involving alcohol. Then another OVI in '08 when you were 38, also a possession of drugs, another theft in '08, then a forgery.

Then in 2010 at age 39 you have another OVI. Then another domestic violence in 2013 when you were 43. Then in 2016 we have the importuning when you were age 45, once again on probation. All of these incidents involved alcohol. Then indicating in here, once again, alcohol is somewhat involved at least.

You don't seem to have addressed it as the whole point. I want to believe that you want to address it. And I want to believe that you will take advantage of the opportunities to address it in the prison system. But based upon the seriousness factors, first of all, your relationship with this person facilitated this offense and the injury suffered is exacerbated because of her age, six years old.

{¶ 16} The trial court incorporated this rationale in its July 31, 2018 judgment entry, which states the following:

8.

In determining a sentence, the record, all oral statements, the presentence investigation report, the victim impact statement if one was received, the purposes and principles of sentencing set forth in Ohio Revised Code Section 2929.11 and the factors in Ohio Revised Code Section 2929.12 as well as the seriousness, recidivism factors and all considerations in Ohio Revised Code Sections 2929.13 and 2929.14, were taken into consideration prior to imposing sentence. The trial court found that a prison term was consistent with the purposes and principles under Ohio Revised Code Section 2929.11, and permissible pursuant to 2929.13 based upon all the considerations provided in those statutes and following specific reasons:

- The offender's relationship with the victim facilitated the offense.

- The mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because the age of the victim. The victim was six (6) years of age at the time of the offense.

- This offense involved the use of alcohol and the offender has a long history of alcohol related criminal and traffic offenses.

- At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17 or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any

other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 (2929.14.1) of the Revised Code.

- The offender previously was adjudicated a delinquent child pursuant to Chapter 2151 of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152 of the Revised Code, or the offender has a history of criminal convictions.

- The offender has not been rehabilitated to a satisfactory degree after [ having] previously been adjudicated a delinquent child pursuant to Chapter 2151 of the Revised Code prior to Code prior to January 1, 2002, or pursuant to Chapter 2152 of the Revised Code, or the offender has a history of criminal convictions.

{¶ 17} The sentence, in this case, falls within the statutory range, and the trial court clearly considered the statutory factors in determining that sentence. While the trial court could have imposed a sentence shorter than the maximum according to the felony guidelines, as suggested by appellant, it also had "full discretion to impose any sentence within the authorized statutory range * * *." *State v. Connors*, 2d Dist. Montgomery No. 26721, 2016-Ohio-3195, ¶ 6; *see also State v. Pearce,* 6th Dist. Ottawa

No. OT-04-040, 2008-Ohio-2728, ¶ 14 (sentence not contrary to law where it is "within the statutory range of sentences for the offense.")

{¶ 18} Having established the sentence was clearly in conformity with the applicable law and supported by statutory findings, the imposition of the maximum definite period was not contrary to law. Appellant's sole assignment of error is not well-taken.

### III.  Conclusion

{¶ 19} In light of the foregoing, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

Gene A. Zmuda, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.