DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Michele B. ("Michele"), has appealed from a judgment of the Summit County Court of Common Pleas, Juvenile Division, that terminated her parental rights to one of her minor children and placed that child in the permanent custody of Summit County Children Services Board ("CSB"). This Court reverses and remands.
 I {¶ 2} Michele is the mother of four minor children. M.B., born February 27, 2000, is the only child at issue in this appeal. CSB first took custody of M.B. and her two older siblings after a call from the school counselor of one of the siblings.[1] M.B. and her older siblings were adjudicated dependent children. This Court affirmed that decision on appeal. See In re Bassette (Mar. 27, 2002), 9th Dist. No. 20751.
 {¶ 3} The older siblings, who do not have the same father as M.B., were placed with relatives. CSB eventually moved for permanent custody of M.B. On September 4, 2003, following a hearing, the trial court granted CSB's motion and placed M.B. in the permanent custody of CSB.
 {¶ 4} Michele has timely appealed, raising two assignments of error.
 II Assignment of Error Number One
"The trial court erred by failing to find that permanent custody was supported by clear and convincing evidence and the judgment of the trial court was against the manifest weight of the evidence."
 {¶ 5} Through her first assignment of error, Michele has asserted that the trial court erred in granting CSB's motion for permanent custody. Before a juvenile court can terminate parental rights and award permanent custody of a child to a proper moving agency, it must determine by clear and convincing evidence that both prongs of the permanent custody test are satisfied: (1) that the child is abandoned, orphaned, has been in the temporary custody of the agency for at least twelve months of the prior twenty-two months, or that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent, based on an analysis under R.C. 2151.414(E); and (2) the grant of permanent custody to the agency is in the best interest of the child, based on an analysis under R.C.2151.414(D). See R.C. 2151.414(B)(1) and 2151.414(B)(2). The trial court must explicitly state on the record its findings on each prong of the permanent custody test. See In re Baker (Jan. 16, 2001), 12th Dist. Nos. CA2000-04-010 and CA2000-04-011, 2001 Ohio App. LEXIS, at *14, quoting In re Brown (1994),98 Ohio App.3d 337, 343.
 {¶ 6} This Court must emphasize that a parent has a "fundamental right to care for and have custody of his or her child." In re Willis, 3rd Dist. No. 1-02-17, 2002-Ohio-4942, ¶ 9, citing Santosky v. Kramer (1982), 455 U.S. 745, 753,102 S.Ct. 1388, 71 L.Ed.2d 599. The termination of parental rights has been described as "`the family law equivalent of the death penalty in a criminal case.'" In re Hoffman, 97 Ohio St.3d 92,2002-Ohio-5368, ¶ 14, quoting In re Smith (1991),77 Ohio App.3d 1, 16. Due to the substantial nature of the right, parents must be afforded "every procedural and substantive protection the law allows." In re Hayes (1997), 79 Ohio St.3d 46, 48, quotingIn re Smith, 77 Ohio App.3d at 16.
 {¶ 7} Michele has asserted, among other things, that the trial court failed to make the requisite findings on both prongs of the permanent custody test. This Court agrees in part.
 {¶ 8} Although Michele has asserted that the trial court failed to make a finding on either prong of the test, the trial court did explicitly find that the first prong of the permanent custody test was satisfied because M.B. had been in the temporary custody of CSB for more than twelve of the twenty-two months prior to the hearing. Consequently, it did make the requisite finding on the first prong of the test.
 {¶ 9} As to the best interest prong of the permanent custody test, however, the judgment entry includes no such finding by the trial court. Although one might conclude that such a finding is implicit in the trial court's judgment, this Court should not speculate as to what the trial court found or did not find. This is an unusual situation as this Court cannot recall any prior cases in which the permanent custody judgment entry did not include, at a minimum, the requisite findings on each prong of the permanent custody test. Without such findings, we are essentially asked to speculate as to what the trial court did determine and, in that process, we are forced to exceed our jurisdiction as an appellate court. If we are put in the situation of making the best interest finding in the first instance, our role as an appellate court is essentially transformed into that of a trial court. See Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, 360 (holding that even where an appellate court's standard of review is de novo, it is a reviewing court and cannot consider evidence that was not considered by the trial court; otherwise it exceeds its role and in effect becomes a trial court); Section 3(B)(2), Article IV, Ohio Constitution (defining the jurisdiction of Ohio appellate courts).
 {¶ 10} It is not the role of this Court to act as a fact finder. We do not conduct an initial weighing of the evidence or reach initial legal conclusions. Instead, our role is limited to determine whether the trial court's conclusions are against the manifest weight of the evidence presented at the permanent custody hearing. See In re Richardson, 5th Dist. No. 03CA16, 2003-Ohio-5164, ¶ 27. Because the trial court failed to make the requisite statutory findings, this case must be reversed and remanded to the trial court to make such findings.
 {¶ 11} Moreover, in addition to making explicit findings on each prong of the permanent custody test, the trial court should detail some of the reasoning supporting its findings on each prong of the permanent custody test. Although such detailed reasoning may not be statutorily mandated, it is very useful to the reviewing court. An appellate court needs sufficient information to "review" the trial court's decision, else we are put in the position of speculating as to the evidence supporting the trial court's decision, making our own factual findings, and even judging the credibility of witnesses.
 {¶ 12} The first assignment of error is sustained insofar as it challenges the trial court's failure to make the requisite findings on the best interest prong of the permanent custody test.
 Assignment of Error Number Two
"The trial court erred in granting permanent custody as permanent custody was [not] necessary to provide the child with a legally secure placement and was not in the best interest of the child."
 {¶ 13} Because this Court reverses and remands this case to the trial court based on Michele's first assignment of error, the merits of this assignment of error have been rendered moot and will not be reached. See App.R. 12(A)(1)(c).
 III {¶ 14} Michele's first assignment of error is sustained in part. The judgment of the trial court is reversed and the cause remanded for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
Carr, P.J. and Batchelder, J., concur.
[1] Michele's youngest child was not yet born.