{¶ 23} I concur in the judgment of the majority, but write only to clarify that I continue to adhere to my position in Inre M.B., 9th Dist. No. 21760, 2004-Ohio-597, (Whitmore, J., dissenting). In that case, I concluded that the trial court is not obligated to incorporate its determinations on each prong of the permanent custody test into its judgment entry, where the appellant has failed to move for findings of fact and conclusions of law. Id. at ¶ 16.
 {¶ 24} I find the present case distinguishable from In reM.B. In the case at bar, the trial court did not simply fail to incorporate a determination on one prong of the permanent custody test in its judgment entry. Instead, it made a finding on the "12 of 22" prong that conflicts with our holding in In re K.G.,S.G., T.G., 9th Dist. Nos. 03CA0066, 03CA0067, and 03CA0068, 2004-Ohio-1421. I note that In re K.G. was decided subsequent to the judgment entry of the trial court in the case at bar. Here, the trial court clearly intended to base its decision on the "12 of 22" prong, and not on any of the other three alternatives set forth in R.C. 2151.414(B)(1)(a)-(d). Therefore, I would not review the record to determine whether there is sufficient evidentiary support for these other alternatives.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.