{¶ 23} I agree with the result reached in the main opinion in this case, but write separately to emphasize my continued adherence to the views expressed in my separate opinion in In re M.B., 9th Dist. No. 21760, 2004-Ohio-597, at ¶ 15-20, Whitmore, J., concurring in part and dissenting in part. I stated there, and I continue to believe, that the permanent custody statutes do not require the trial court to enter a finding on the best interest prong of the permanent custody test, absent a request for findings of fact and conclusions of law. See R.C.2151.414(C). By similar reasoning, I do not believe the permanent custody statutes require the trial court to include an analysis of each of the best interest factors in its decision. R.C. 2151.414(D) requires only that the trial court "consider" the relevant factors. The statute does not require the trial court to make explicit findings or provide any analysis on these factors. Absent a specific request by one of the parties, the trial court is not statutorily obligated, in my view, to make findings of fact and conclusions of law in deciding the question of the permanent custody of a child.
 {¶ 24} At the same time, I again join my colleagues in suggesting that some analysis and reasoning in support of a decision to grant an agency's motion for *Page 13 
permanent custody is very useful to the reviewing court. Although not statutorily required, such reasoning better equips an appellate court to perform its role of review. See In re M.B., 2004-Ohio-597, at ¶ 20, Whitmore, J., concurring in part and dissenting in part. *Page 1