[Cite as *In re D.K.*, 2012-Ohio-2605.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: D.K.
    C.S.
    C.S.
    C.S.
    C.K.

C.A. Nos.    26272
               26278

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.    DN 10-5-356
               DN 10-5-357
               DN 10-5-358
               DN 10-5-359
               DN 10-5-360

DECISION AND JOURNAL ENTRY

Dated: June 13, 2012

DICKINSON, Judge.

## INTRODUCTION

{¶1}    This case concerns an appeal from an order placing five children in the permanent custody of the Summit County Children Services Board. In determining that the children could not or should not be placed with a parent, the trial court stated its reliance on the fact that the mother had been convicted of a predicate offense. Because there is no evidence that the mother had been convicted of a predicate offense, the order granting permanent custody of the children to Children Services is reversed.

## BACKGROUND

{¶2}    Leslie G. is the mother of five children: C.S., born February 16, 1999; C.S., born July 21, 2000; C.S., born August 26, 2002; C.K., born January 18, 2005; and D.K., born

December 4, 2008. The children have two different fathers. Michael K., who has appealed, is the father of the two younger children. The father of the three older children is not a party to this appeal.

{¶3} On May 9, 2010, Akron police officers took custody of the children under Rule 6 of the Ohio Rules of Juvenile Procedure. The officers had gone to the home where Leslie G., Michael K., and the five children were living to investigate a report of drugs in the home. They arrested Michael K. on an outstanding warrant and searched the home, finding drug paraphernalia associated with the manufacture of methamphetamine. They also arrested Leslie G. and charged her with several drug offenses as well as five counts of child endangering. The police notified the Children Services Board, and the agency filed complaints in juvenile court the next day alleging that the children were abused, neglected, and/or dependent. Following hearings, the trial court adjudicated all five children dependent and neglected and granted temporary custody to the agency.

{¶4} On February 9, 2011, Children Services moved for permanent custody. After a hearing, the trial court granted the agency's motion. Leslie G. and Michael K. have appealed from that judgment.

FIRST PRONG FINDING

{¶5} Leslie G. and Michael K. have both argued that the trial court incorrectly granted permanent custody of the children to the agency because it failed to make a valid finding on the first prong of the permanent custody test. Before a trial court may terminate parental rights, it must find clear and convincing evidence of both prongs of the permanent custody test: (1) that the child is abandoned, orphaned, has been in the temporary custody of the agency for at least 12 months of a consecutive 22-month period, or that the child cannot be placed with either parent

within a reasonable time or should not be placed with either parent, based on an analysis under Section 2151.41.4(E) of the Ohio Revised Code; and (2) that the grant of permanent custody to the agency is in the best interest of the child, based on an analysis under Section 2151.41.4(D) of the Ohio Revised Code. *See* R.C. 2151.41.4(B)(1) and 2151.41.4(B)(2); *see also In re William S.*, 75 Ohio St. 3d 95, 99 (1996).

{¶6} Regarding the first prong of the permanent custody test, the trial court found that the children could not be placed with either parent within a reasonable time or should not be placed with either parent. *See* R.C. 2151.41.4(B)(1)(a). In support of that finding, the trial court relied on Section 2151.41.4(E)(12) for each of the fathers. That factor applies when a parent is incarcerated at the time of the filing of the motion for permanent custody or dispositional hearing and will not be available to care for the child for at least eighteen months. *See* R.C. 2151.41.4(E)(12). Neither Leslie G. nor Michael K. has challenged that finding. For the mother, the trial court relied on Section 2151.41.4(E)(6). This factor applies if a parent has been convicted of or pleaded guilty to specific offenses. *See* R.C. 2151.41.4(E)(6). Both Leslie G. and Michael K. have challenged this finding.

{¶7} Leslie G. was convicted of violating Section 2919.22(B)(6) of the Ohio Revised Code, child endangering, by allowing a child to be within 100 feet of the illegal manufacture or cultivation of controlled substances. *See* R.C. 2919.22(B)(6). Although subsections (A) and (C) of Section 2919.22 are offenses included within Section 2151.41.4(E)(6), subsection (B) is not:

> The parent has been convicted of or pleaded guilty to an offense under division (A) or (C) of section 2919.22 . . . and the child or a sibling of the child was a victim of the offense . . . and the parent who committed the offense poses an ongoing danger to the child or a sibling of the child.

The General Assembly has, thus, specifically excluded subsection (B) of Section 2919.22 from the operation of the statute. They have done so by virtue of the fact that the statute under which

Mother was convicted is not included in the affirmative listing of statutes in Section 2151.41.4(E)(6). The trial court made no other findings in satisfaction of the first prong of the permanent custody test that might alternatively support its judgment.

{¶8} Children Services has made several arguments in reply. First, the agency has suggested that neither the mother nor the father objected to this issue before the trial court and that they have, therefore, failed to preserve the issue for review. Because the error did not occur until the court issued its final order through its written judgment entry, however, the parents had no reasonable opportunity to enter an objection before the trial court. The agency's first argument is without merit.

{¶9} Second, Children Services has contended that the mother's conviction under Section 2919.22(B)(6) does, in fact, come within the reach of Section 2151.41.4(E)(6). In support of this contention, the agency has made two statutory arguments. The first argument is that the present exclusion of subsection (B) from the operation of Section 2151.41.4(E)(6) is somehow meaningless because a pre-1998 version of Section 2151.41.4(E)(6) included the entirety of the pre-1998 version of Section 2919.22. Children Services has failed to explain the significance of this claim, and we fail to see any. The interplay between outdated versions of two statutes is irrelevant to our present concerns. In fact, the specific section under which the mother was convicted, Section 2919.22(B)(6), was not even enacted by the General Assembly until 2003. *See* Am.Sub.S.B. No. 58, effective Aug. 11, 2004. Accordingly, Children Services' reference to the sweep of Section 2151.41.4(E)(6) prior to 1998 bears no relevance to the statute under which the mother was convicted in 2010. Section 2919.22(B)(6) has never been within the coverage of Section 2151.41.4(E)(6).

{¶10} In addition, the agency has argued that, because a different part of Section 2919.22(B), specifically paragraph (2), is referenced by a different "E" factor, Section 2151.41.4(E)(7), that, therefore, all violations of Section 2919.22(B) should be included under Section 2151.41.4(E)(6). The agency has, in effect, argued that, because Section 2919.22(B) includes some bad parenting behaviors, the entirety of that section should be incorporated under Section 2151.41.4(E)(6) despite the statute unambiguously excluding it. The argument is unreasonable and illogical. In creating the statutory scheme for abused, neglected, and dependent children under Chapter 2151, the General Assembly saw fit to address the behaviors in Section 2919.22(B) in other ways. It is beyond the reach of this Court to rearrange a statutory reference by placing it under an entirely different section of the statute. Section 2151.41.4(E)(6) is clear, as written, and the "first rule of statutory construction is that a statute which is clear is to be applied, not construed." *Vought Indus. Inc. v. Tracy*, 72 Ohio St. 3d 261, 265 (1995). "The Ohio General Assembly has selected the language of the statute and our obligation is to employ it as written." *R.W. Sidley Inc. v. Limbach*, 66 Ohio St. 3d 256, 257 (1993). The agency's two statutory arguments are without merit.

{¶11} Third, the agency has contended that any error is harmless because the trial court's overarching determination that the children could not and should not be returned to their mother is supported by sufficient evidence. One difficulty with this argument is that the trial court made this finding in specific and sole reliance on Section 2151.41.4(E)(6). The trial court's reliance was erroneous, and this Court cannot enter a different finding. Doing so would amount to this Court making a finding in the first instance, an act that would exceed our jurisdiction as an appellate court. *See* Ohio Constitution, Article IV, Section 3(B)(2). It is not only the right, but the duty of the trier of fact to initially weigh the evidence and to determine

whether to accept or reject the evidence before it. *Ace Steel Baling Inc. v. Porterfield*, 19 Ohio St. 2d 137, 138 (1969). Correspondingly, it is not the role of an appellate court to act as a fact finder, weighing evidence and reaching initial legal conclusions. *See e.g. In re E.T.*, 9th Dist. No. 22720, 2005-Ohio-6087, ¶ 14 (appeals court cannot enter a finding under Section 2151.41.4(E) if it was not made in the first instance by the trial court); *In re M.B.*, 9th Dist. No. 21760, 2004-Ohio-597, ¶ 8-10 (appeals court cannot find that permanent custody is in the best interest of the child, even though arguably implicit from the judgment entry).

{¶12} Finally, Children Services has suggested that the trial court's reference to "(E)(6)" in its judgment entry may have been a typographical error that this Court should correct because the trial court may have intended to rely on "(E)(16)" instead. It is, however, not at all apparent that this is a typographical error. If the agency believed that was the case, it should have promptly sought a correction by the trial court. This Court cannot assume a typographical error upon a critical matter, particularly if there is no record support for such a conclusion. In fact, the record before this Court reflects that this is not likely a typographical error because the agency alleged "(E)(6)" as a first prong ground in its motion for permanent custody, neglecting, however, to introduce any evidence in support of that allegation at trial. Upon these facts, any "correction" changing the finding from "(E)(6)" to "(E)(16)" would amount to improper fact-finding by this Court. The mother's first assignment of error and the father's sole assignment of error are sustained.

CONCLUSION

{¶13} The mother's first assignment of error and the father's sole assignment of error are sustained. The mother's second assignment of error is moot and is overruled on that basis. *See* App.R. 12(A)(1)(c). In the absence of any valid finding in support of the first prong of the

permanent custody test, the judgment of the trial court granting permanent custody of the children to the agency must fail. The judgment of the Summit County Common Pleas Court, Juvenile Division, is reversed and the cause is remanded for further proceedings.

Judgment reversed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CLAIR E. DICKINSON
FOR THE COURT

WHITMORE, P. J.
CARR, J.
CONCUR

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

ANGELA KILLE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.

GINA D'AURELIO, Attorney at Law, for Appellee.

LINDA BENNETT, Guardian ad Litem.