[Cite as *Pierce v. Workman*, 2023-Ohio-2022.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY


EDWIN A. PIERCE, AUGLAIZE
COUNTY PROSECUTING ATTORNEY,

      PLAINTIFF-APPELLEE,               CASE NO.  2-22-21

      v.

TIMOTHY SCOTT WORKMAN,

                                    O P I N I O N

      DEFENDANT-APPELLANT.


Appeal from Auglaize County Common Pleas Court
Trial Court No. 2022-CV-0071

**Judgment Affirmed**

Date of Decision:  June 20, 2023


APPEARANCES:

    *Thomas Lucente* **for Appellant**

    *Reed D. Searcy* **for Appellee**

Case No. 2-22-21

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Timothy Scott Workman ("Workman"), appeals the September 6, 2022 judgment entry of the Auglaize County Court of Common Pleas declaring him to be a vexatious litigator. For the reasons that follow, we affirm.

{¶2} On May 10, 2022, Edwin A. Pierce ("Pierce"), as Auglaize County's Prosecuting Attorney, filed a civil complaint in the Auglaize County Court of Common Pleas requesting that the trial court declare Workman to be a vexatious litigator pursuant to R.C. 2323.52. On June 15, 2022, Workman filed a *pro se* document captioned as "Reply To Complaint", which the trial court construed to be a *motion to dismiss* filed under Civ.R. 12(B). The trial court denied Workman's request.

{¶3} On June 29, 2022, Workman filed a motion for summary judgment. Thereafter, on July 8, 2022, Pierce filed a cross motion for summary judgment, which he supplemented on July 12, 2022. Both parties filed replies to the summary-judgment motions. On September 6, 2022, the trial court granted Pierce's motion for summary judgment (declaring Workman to be a vexatious litigator) and denied Workman's motion for summary judgment.[1]

---

[1] The trial court determined that Workman denied being a vexatious litigator, but deemed all remaining allegations in Pierce's complaint to be admitted under Civ.R. 8(D).

{¶4} Workman filed a timely appeal and raises the following four assignments of error for our review, which we will address together.

**First Assignment of Error**

**The Court Abused Its Discretion In Not Holding A Hearing Before Determining Workman A Vexatious Litigator, In Violation Of Workman's Due Process Rights. Petitioner Was Deprived Of His Fifth And Fourteenth Amemdment [sic] To The Constitution Of The United States, Article 1, Section 16 To The Constitution Of The State Of Ohio; Due Process [sic]**

**Second Assignment of Error**

**The Court Abused Its Discretion In Finding Workman A Vexatious Litigator, In Contradiction To The Record, As The Motions Filed Do Not Contain Valid Grounds. Petitioner Was Deprived Of His Fifth And Fourteenth Amemdment [sic] To The Constitution Of The United States, Article 1, Section 16 To The Constitution Of The State Of Ohio; Due Process [sic]**

**Third Assignment of Error**

**The Trial Court Relied On Findings Of Fact By The Third District Court Of Appeals That Are In Error. Petitioner Was Deprived Of His Fifth And Fourteenth Amemdment [sic] To The Constitution Of The United States, Article 1, Section 16 To The Constitution Of The State Of Ohio; Due Process [sic]**

**Fourth Assignment of Error**

**The Trial Court Never Held Jurisdiction Over The Subject Matter Or Over The Person Workman. Petitioner Was Deprived Of His Fifth And Fourteenth Amemdment [sic] To The Constitution Of The United States, Article 1, Section 16 To The Constitution Of The State Of Ohio; Due Process [sic]**

{¶5} In his assignments of error, Workman challenges the trial court's determination that he is a vexatious litigator under R.C. 2323.52. Specifically, Workman argues that the trial court's decision was erroneous and denied him due process of law.

*Standard of Review*

{¶6} This court reviews a trial court's decision to grant summary judgment de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 390 (2000), citations omitted. "De novo review is independent and without deference to the trial court's determination." *ISHA, Inc. v. Risser*, 3d Dist. Allen No. 1-12-47, 2013-Ohio-2149, ¶ 25, citing *Costner Consulting Co. v. U.S. Bancorp*, 10th Dist. Franklin No. 10AP-974, 2011-Ohio-3822, ¶ 10. Summary judgment is proper where there is no genuine issue of any material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can reach but one conclusion when viewing the evidence in favor of the non-moving party, and the conclusion is adverse to the non-moving party. Civ.R. 56(C); *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St .3d 217, 219 (1994), citations omitted.

{¶7} "The party moving for summary judgment has the initial burden of producing some evidence which demonstrates the lack of a genuine issue of material fact." *Carnes v. Siferd*, 3d Dist. Allen No. 1-10-88, 2011-Ohio-4467, ¶ 13, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). "In doing so, the moving party is

not required to produce any affirmative evidence, but must identify those portions of the record which affirmatively support his argument." *Id.*, citing *Dresher* at 292. "The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; he may not rest on the mere allegations or denials of his pleadings." *Id.*, citing *id.* and Civ.R. 56(E).

*Factual Background*

**{¶8}** This appeal concerns a vexatious-litigator-civil action that arose from Workman's criminal convictions in Auglaize County Court of Common Pleas, in case number 2014-CR-0075 ("2014 case"). In that case, Workman was tried and convicted of 79 criminal counts involving the illegal use of a minor in nudity-oriented material and tampering with evidence. *See State v. Workman*, 3d Dist. Auglaize No. 2-15-05, 2015-Ohio-5049, ¶ 3. The trial court sentenced Workman to an aggregate prison term of 40 years. *Id.* at ¶ 7. Workman filed a direct appeal of his convictions, and we affirmed the judgment of the trial court. *Id.* at ¶ 1, 63.

**{¶9}** Following his direct appeal, Workman has filed numerous motions in the trial court relative to his conviction. The motions included three requests for a *Frank's* hearing[2], 12 motions for new trial and for leave to file motions for new trial, and a post-trial motion captioned as a "Jurisdictional Challenge". The trial court

---

[2] We construed Workman's February 16, 2016, "motion for *Franks* hearing" to be a petition for post-conviction relief under *State v. Withers*, 10th Dist. Franklin No. 12AP-865, 2013-Ohio-4201, ¶ 12-13. (*See* Appellate Case No. 2-16-03, Judgment Entry dated July 25, 2016).

denied all of these motions. Further, Workman filed *ten* petitions for post-conviction relief, which were all denied by the trial court. Workman appealed nearly all of these denials, and we affirmed the judgments of the trial court. Further, Workman filed memoranda in support of jurisdiction to the Supreme Court of Ohio. In addition to the foregoing, Workman also filed several citizen's complaints in the trial court against Detective Patrick Green ("Det. Green") and both victims in his criminal case alleging that they committed perjury.

{¶10} On May 10, 2022, Pierce filed a *civil* complaint in the Auglaize County Court of Common Pleas requesting that the trial court declare Workman to be a vexatious litigator under R.C. 2323.52. In that complaint, Pierce alleged that Workman had filed approximately *21* post-conviction motions in his 2014 criminal case that were either petitions for post-conviction relief or could be construed as such a petition under *State v. Reynolds*, 79 Ohio St.3d 158 (1997), syllabus.[3]

---

[3] In his merit brief, Pierce encourages us to construe Workman's motions for new trial and his motions for leave to file a motion for new trial under Crim.R. 33 as post-conviction petitions pursuant to *Reynolds*. Notably, the Supreme Court of Ohio, in *Reynolds*, considered an enigmatic titled "Motion to Correct or Vacate Sentence" filed without reference to a specific Rule of Criminal Procedure or statute unlike the fillings in *Workman*. Since there was no controlling rule or statutory provision governing or providing for such a motion, the Supreme Court looked at the contents of the motion, determining that it was substantively a petition for post-conviction relief, and analyzed it accordingly. *State v. Reynolds*, 3d Dist. Putnam No. 12-01-11, 2002-Ohio-2823, ¶ 24. However, following *Reynolds*, the Supreme Court held that the narrow rule of law set forth in *Reynolds* is limited to the context of Reynold's case. *See State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, ¶ 10. More recently, the Supreme Court, declined an invitation to conclude that *Bush* was wrongly decided on this point, and instead held "that * * * a motion for leave to file a motion for a new trial is *not* a collateral challenge under R.C. 2953.21(K)." (Emphasis added.) *State v. Bethel*, 167 Ohio St.3d 362, 2022-Ohio-783, ¶ 46-47. Thus, we decline to construe those motions as such. Nevertheless, even though we look to the civil cases to determine whether Workman engaged in vexatious conduct, we are still permitted to consider those motions filed in his criminal case to determine if the arguments and legal theories he asserted were repetitive in our assessment of Workman's vexatiousness. *See Johnson*, 159 Ohio St.3d 552, 2020-Ohio-999, at ¶ 21.

Moreover, Pierce asserted that those filings support that Workman engaged in vexatious conduct as defined under R.C. 2323.52(A)(2).

*Vexatious-Litigator Statute*

**{¶11}** R.C. 2323.52, the vexatious-litigator statute, was enacted by the General Assembly to "'prevent abuse of the system by those persons who persistently and habitually file lawsuits without reasonable grounds and/or otherwise engage in frivolous conduct in the trial courts of this state.'" *Mayer v. Bristow*, 91 Ohio St.3d 3, 13, 2000-Ohio-109, quoting *Cent. Ohio Transit Auth. v. Timson*, 132 Ohio App.3d 41, 50 (10th Dist.1998).

> More recently, the Supreme Court of Ohio has stated:
>
> We have a duty to ensure that the Ohio judicial system functions to benefit all Ohioans. * * *. Indeed, "Ohio litigants are specifically and unequivocally entitled under our state Constitution to justice *without delay*." (Emphasis sic.) *State ex rel. Johnson v. Bur. of Sentence Computation*, 159 Ohio St.3d 552, 2020-Ohio-999[], ¶ 23, citing Ohio Constitution, Article I, Section 16. Vexatious litigators, however, throw a wrench into our well-oiled system and disrupt the wheels of justice.
>
> * * *. And we have a duty to name as vexatious litigators those individuals who abuse the court process and engage in frivolous conduct so that we may put an end to repeated and frivolous conduct that substantially burdens our court system and deprives litigants of the prompt handling of their cases. *See Johnson* at ¶ 22.

*State ex rel. Tingler v. Franklin Cty. Prosecutor's Office*, 169 Ohio St.3d 1449, 2023-Ohio-640, ¶ 2-3 (Fischer, J., concurring) (concerning a vexatious-litigator finding under S.Ct.Prac.R. 4.03).

{¶12} R.C. 2323.52(B) permits a prosecuting attorney who alleges that he has "defended against habitual and persistent vexatious conduct * * * in a court of appeals[ or] court of common pleas * * *" to "commence a civil action in a court of common pleas with jurisdiction over the person who allegedly engaged in the habitual and persistent vexatious conduct to have that person declared a vexatious litigator." This civil action proceeds "as any other civil action" under the Rules of Civil Procedure and must be commenced within the one-year statute of limitation. *See* R.C. 2323.52(B) and (C).

{¶13} A trial court, in determining whether a party is a vexatious litigator, may consider the party's vexatious conduct in other cases as well as his conduct in the instant case. *See Davie v. Nationwide Ins. Co. of America*, 8th Dist. Cuyahoga No. 105261, 2017-Ohio-7721, ¶ 41. Moreover, conduct in an underlying criminal case can also result in a vexatious-litigator designation when such conduct is civil in nature. *See State v. West*, 2d Dist. Greene No. 2021-CA-17, 2022-Ohio-2060, ¶ 18. Under R.C. 2323.52(A)(1) conduct has the same meaning as conduct is defined under R.C. 2323.51. R.C. 2323.51 provides in its pertinent parts:

(1) "Conduct" means *any* of the following:

(a) The filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, the filing of a pleading, motion, or other paper in a civil action, including, but not limited to, a motion or paper filed for discovery purposes, or the taking of any other action in connection with a civil action;

(b) The filing by an inmate of a civil action or appeal against a government entity or employee, the assertion of a claim, defense or other position in connection with a civil action of that nature or the assertion of issues of law in an appeal of that nature, or the taking of any other action in connection with a civil action or appeal of that nature.

(Emphasis added.)  R.C. 2323.51(A)(1)(a)-(b).

**{¶14}** Significantly, the vexatious-litigator statute "establishes a screening mechanism that serves to protect the courts and other would-be victims against frivolous and ill-conceived lawsuits filed by those who have historically engaged in prolific and vexatious conduct in civil proceedings." *Mayer* at 13.  Importantly, "'[i]t is the nature of the conduct, not the number of actions, that determines whether a person is a vexatious litigator.'" *Prime Equip. Group, Inc. v. Schmidt*, 10th Dist. Franklin No. 15AP-584, 2016-Ohio-3472, ¶ 40, quoting *Borger v. McErlane*, 1st Dist. Hamilton No. C-010262, 2001-Ohio-4030, *3 (Dec. 14, 2001).  The Supreme Court of Ohio has held that consistent repetitive arguments and legal theories that have been rejected numerous times by courts can constitute a factor in the "assessment of a litigant's vexatiousness". *See Johnson*, 159 Ohio St.3d 552, 2020-Ohio-999, at ¶ 21.

*Analysis*

**{¶15}** The trial court determined Workman to be a vexatious litigator since he engaged in vexatious conduct under R.C. 2323.52(A)(2)(b), which was not warranted under existing law and could not be supported by a good faith argument

for an extension, modification, or reversal of existing law, and under subsection (c), the trial court found that Workman's actions were to delay his conviction becoming final to avoid such finality.

{¶16} On appeal, Workman challenges the *subject-matter* jurisdiction of the trial court as well as the trial court's *personal* jurisdiction over him. Importantly, Workman failed to raise a defense regarding the trial court's subject-matter jurisdiction in the civil action. He did however, assert that the trial court lacked personal jurisdiction. Nevertheless, "[b]ecause subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time." *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11, citing *United States v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781, 1785 (2002) and *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75 (1998). Thus, we will review the issue of jurisdiction *de novo*.

{¶17} As we previously noted, this civil action arose from Workman's filings related to his criminal conviction. To us, Workman's argument (on appeal) centers around whether the trial court had subject-matter jurisdiction and/or personal jurisdiction over him in his 2014 *criminal case* and not the instant civil action. On this point, Workman asserts that the metadata for State's Exhibit 104-3 (a picture), used to identify him (in his criminal trial) supports that Det. Green and the victims testimonies (at trial) were untruthful; that he was in jail at the time the picture was

taken; and that A.B. (one of the victims) was over 18 when the photo was taken. Hence, Workman's challenge is truly attacking the sufficiency of the evidence regarding his criminal convictions (i.e., by virtue of an identity defense), and the manifest weight of the evidence (i.e., by attacking the witnesses' credibility) in his criminal trial.[4] Workman's arguments are misplaced in this appeal since we are not concerned with the sufficiency or weight of the evidence in his 2014 criminal case or whether the trial court had subject-matter jurisdiction or personal jurisdiction in that case. Rather, the jurisdiction of the trial court in the civil action is what is at issue.

{¶18} An appellant has the burden of affirmatively demonstrating the error of the trial court assigned on appeal. *Riddle v. Riddle*, 3d Dist. Marion No. 9-19-08, 2019-Ohio-4405, ¶ 49. Indeed, "an appellate court may disregard an assignment of error pursuant to App.R. 12(A)(2): 'if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A).'" *Rodriguez v. Rodriguez*, 8th Dist. Cuyahoga No. 91412, 2009-Ohio-3456, ¶ 4, quoting App.R. 12(A); *Hawley v. Ritley*, 35 Ohio St.3d 157, 159 (1988).

---

[4] Significantly, Workman did not raise sufficiency or manifest weight arguments with respect to Counts One through 78 in his direct appeal; however, he did challenge the sufficiency of Count 79 for tampering with evidence in his second assignment of error, which we overruled. *Workman*, 2015-Ohio-5049, ¶ 48, 62.

{¶19} App.R. 16(A)(7) requires that Workman include in his brief: "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary." "'It is not the duty of an appellate court to search the record for evidence to support an appellant's argument as to any alleged error.'" *Rodriguez* at ¶ 7, quoting *State v. McGuire*, 12th Dist. Preble No. CA95-01-001, 1996 WL 174609, *14 (Apr. 15, 1996). "'"An appellate court is not a performing bear, required to dance to each and every tune played on an appeal."'" *Id.*, quoting *State v. Watson*, 126 Ohio App.3d 316, 321 (12th Dist. 1998), quoting *McGuire* at *14.

{¶20} Because Workman has failed to include any argument relating to the jurisdiction of the trial court with citations to authorities in the civil case, we need not review it.

{¶21} Next, we address Workman's assertion that he was entitled to a hearing before the trial court determined him to be a vexatious litigator. Contrary to his assertion on appeal, R.C. 2323.52 does not require the trial court to hold a hearing before declaring a person to be a vexatious litigator. *Compare with* R.C. 2323.51 (concerning frivolous conduct in filing civil claims requiring such a

hearing). Thus, his assertion that the trial court erred by failing to hold a hearing is without merit.

**{¶22}** Next, we address Workman's argument that the trial court relied upon erroneous factual findings issued by this court. As an appellate court, we review the record for legal issues identified in the brief; however, we do not take evidence or make factual findings. *See* Ohio Constitution, Article IV, Section 3(B)(2) (providing that courts of appeals shall have such jurisdiction as may be provided by law to "review and affirm, modify, or reverse judgments or final orders" of trial courts within their district); App.R. 9; App.R. 12(A)(1)(a)-(c); App.R. 16(A)(6). Moreover, we do not resolve the merits of factual disputes because that role is reserved for the trier of fact. *See Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 360 (1992); *Bank of Am., N.A. v. Seymour*, 10th Dist. No. 18AP-272, 2019-Ohio-2884, ¶ 31; *In re D.K.*, 9th Dist. No. 26272, 2012-Ohio-2605, ¶ 11; *Great Invest. Properties, L.L.C. v. Bentley*, 3d Dist. Marion No. 9-0-36, 2010-Ohio-981, ¶ 30; *In re M.B.*, 9th Dist. No. 21760, 2004-Ohio-597, ¶ 9. Thus, the trial court could not rely upon erroneous factual findings that we made since we do not make factual findings. Consequently, this portion of Workman's argument lacks merit.

**{¶23}** Finally, Workman argues that the trial court erred by declaring him to be a vexatious litigator. Workman submits that he provided the trial court with

documents outside the record based upon valid grounds. Those documents, which he detailed in his motion:

    A.    Document written by Jason@vipersystems.biz
    B.    Document written by Eric Bennett from PC Solutions
    C.    Sgt. Matthew Pack of the Auglaize County Sheriff's Department Report
    D.    Affidavit for Warrant, written by Detective Patrick Green
    E.    Vehicle Identification Search Results
    F.    Affidavit of Aaron Chapman
    G.    Affidavit of Skyler Leugers
    H.    Affidavit of Timothy Workman
    I.    Affidavit of Forensic Expert Mark Lucas, Photographer Description
    J.    Affidavit of Attorney Stephen D. Hartman
    K.    Affidavit of Forensic Expert Mark Lucas, Date and Time Photograph was Taken [sic].

(Doc. No. 10). Workman's asserts that because he presented the above documentary evidence on what he believes to be valid grounds the trial court should not have determined that he engaged in vexatious conduct. We disagree.

{¶24} Significantly, the record establishes that Workman has filed numerous *pro se* motions and appeals in his underlying criminal matter in which he raises the same or similar arguments that he raises in his civil filings. Many of his motions (and appeals) address similar issues referencing identical documents that contain substantially identical arguments concerning the victims' purported perjured testimony, his identity defense as well as discrepancies regarding how law enforcement acquired one of the victim's IPhone. Indeed, Workman's constant and

repetitive arguments (and legal theories) have all previously been rejected by the trial court, and by this court on appeal.

{¶25} Given the purpose and design of the vexatious-litigator statute, Workman's legion of filings constitutes vexatious litigation. We recognize it may not be obvious to Workman that his "conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification or reversal of existing law", but it is objectively obvious to us. Moreover, Workman's prolific history as a *pro se* litigator demonstrates vexatious conduct to which the vexatious-litigator statute applies.

{¶26} Based on the evidence in the record, we conclude that the trial court did not err by granting Pierce's summary-judgment request and declaring Workman a vexatious litigator.

{¶27} For the foregoing reasons, Workman's first, second, third, and fourth assignments of error are overruled.

{¶28} Having found no error prejudicial to the defendant-appellant herein in the particulars assigned and argued, we affirm the judgment of the Auglaize County Court of Common Pleas.

*Judgment Affirmed*

**MILLER, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**